**STATE of Iowa, Appellant,**

v.

**James L. BROOKS, Appellee.**

**No. 99–1834.**

Supreme Court of Iowa.

July 5, 2001.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Chad Belville, County Attorney, and Brian Miller, Assistant County Attorney, for appellant.

James L. Brooks, Kansas City, KS, pro se.

PER CURIAM.

The State appeals from an order setting aside judgments of conviction on two simple misdemeanor charges tried before a magistrate. The defendant, James L. Brooks, had appealed those convictions pursuant to Iowa Rule of Criminal Procedure 54, which requires the issues on appeal to be decided by a district judge or district associate judge. When the appeal had not been decided on the merits more than a year after the notice of appeal was served and filed, a district judge ordered that the convictions be set aside because of the undue delay in considering the appeal. The State urges that undue delay in decid-ing an appeal under rule 54 does not provide a basis for overturning a magistrate's judgments of conviction that are not shown to have been improperly adjudicated on the merits. We agree and reverse the judgment of the district court.

On August 1, 1998, Brooks was charged with the simple misdemeanor offenses of failure to wear a seat belt and driving without a license in violation of Iowa Code sections 321.174 and 321.445 (1997). The uniform citation and complaint that was issued to Brooks required him to appear in court on August 26. On that date, he appeared, entered a plea of not guilty to both charges, and demanded a jury trial. On October 14, 1998, both charges were tried to a jury, which found Brooks guilty of the offenses. On the same day, he was sentenced to pay a fine on each offense. He immediately served and filed a notice of appeal pursuant to rule 54.

In presenting appeals under rule 54, the parties are required to file written briefs. Unless there is a request for oral argument, the appeal is deemed submitted to the court thirty days following the filing of the appellee's brief or the expiration of the time for filing that brief. Brooks timely filed a brief, and the appellee, State of Iowa, filed none. The next entry on the docket is an order dated August 30, 1999, which recited:

> On October 14, 1998, the defendant filed a Notice of Appeal along with a Brief in support of appeal. The defendant has requested a hearing. This court does not ordinarily grant hearings on appeals from magistrate court. However, given that the Notice of Appeal was filed nearly one year ago, the court will grant a hearing so that the status of this matter can be accurately determined.

Pursuant to that order, a hearing was held on October 4, 1999, which was not report-

ed. On October 20, 1999, the court entered an order providing:

> Irrespective of the evidence against the defendant, the court concludes that in the interest of justice, defendant's appeal should be granted and the charges against him dismissed. This decision in no way goes to the merits of the case but rather is a recognition of the fact that this appeal has become stale due to no fault of the defendant.

Other facts relevant to the appeal will be considered in our discussion of the legal issues presented.

## I. *The Order Overturning Defendant's Convictions.*

■ The State urges that, even though the delay in deciding Brooks' appeal from his misdemeanor convictions was unjustified, this omission does not provide a basis for overturning those convictions in the absence of a showing that the cases were improperly decided on the merits. In *State v. Kaster,* 469 N.W.2d 671 (Iowa 1991), this court held that where a criminal matter was timely tried before a magistrate but the magistrate took more than a year to render a decision the delay in deciding the case did not provide a basis for overturning the conviction that ultimately resulted. In discussing the adverse consequences flowing from the delay, we stated:

> Kaster argues it was ... fundamentally unfair to subject him to increased and extended anxiety during the long period and to subject his fate in the prosecutions to the fact finder's fading memories of the evidence....
>
> Kaster did not suffer a loss of liberty during the postsubmission delay. The

extension of his anxiety while awaiting a result was vexing but was somewhat minimized by the relatively minor nature of the charge. Incarceration was highly unlikely. Kaster's fear that the magistrate's memory of the evidence might fade was also a valid concern. But, especially in view of the State's burden of proof, we cannot say he was given an unfair trial.

*Kaster,* 469 N.W.2d at 672–73.

We are convinced that the adverse consequences to Brooks as a result of the delay in deciding his appeal are no greater than and may be less than the consequences to the defendant in the *Kaster* case as a result of the decisional delay following his trial. Brooks did not suffer a loss of liberty as a result of the delay. The delay in the decision on appeal presents no problem of a trier of fact's dimming memory. Moreover, Brooks had already had his trial and been found guilty, a circumstance that inextricably links the prejudice from the delay in considering the appeal to the outcome of the appeal. If the magistrate's judgments are affirmed on the merits, he will suffer no prejudice. If the judgments are reversed, his only prejudice is a delay in receiving the good news. We find no basis for finding that the period of unnecessary delay in deciding the appeal should be grounds for reversal of the judgment absent a consideration of the merits.[1]

In so deciding, we do not minimize the seriousness of the departure from an orderly judicial process that was allowed to occur in this case. There should be an established procedure in each county to monitor the filing of briefs in misdemeanor appeals under rule 54. When the briefs

---

1. Brooks argues that rule 54 establishes a fixed period of 30 days for deciding his appeal after the briefs have been filed. That is not correct. The 30-day period referred to is the time at which the case is deemed submitted in the absence of the court requesting oral argument.

have been filed or the time for filing has expired, the case should be immediately assigned to a district judge or a district associate judge for prompt decision. Obviously, that was not done here. Such an omission can only result in an unfavorable view of the judicial process by those persons awaiting a decision.

## II. *Delay of Defendant's Trial Due to Jurisdictional Considerations.*

Although not necessary to the decision on this appeal, we discuss a point of confusion in the district court, which delayed defendant's trial before the magistrate. When defendant appeared in court on October 14, 1998, and entered pleas of not guilty, the magistrate set an appearance bond. Because defendant was unable to post the bond, he was imprisoned while awaiting trial. His case was scheduled for a prompt jury trial. However, because he sought appellate review of the order fixing bond, the magistrate continued his trial on the belief that the appeal of the bond matter deprived his court of jurisdiction to proceed further with the case. This resulted in defendant spending more time in jail than if the trial had proceeded as regularly scheduled.

The magistrate was mistaken in his belief that he did not have jurisdiction to proceed with the trial while the bond issue was pending before this court. Although it is a general rule that a trial court loses jurisdiction over the merits of a controversy once an appeal is perfected, *see Shedlock v. Polk County District Court,* 534 N.W.2d 656, 658 (Iowa 1995), and *Wolf v. City of Ely,* 493 N.W.2d 846, 848 (Iowa 1992), there are exceptions to the general rule. The district court retains jurisdiction over disputes between the parties, which are collateral to the subject matter of the appeal. *Shedlock,* 534 N.W.2d at 658; *In re Estate of Tollefsrud,* 275 N.W.2d 412, 417 (Iowa 1979). We are convinced that the present case fell within these exceptions and that the magistrate could have proceeded with the trial as originally scheduled.

We have considered all issues presented and conclude that the judgment of the district court should be reversed. The case is remanded to that court for a determination of the merits of Brooks' appeal from the judgments of conviction before the magistrate.

## REVERSED AND REMANDED.

All justices concur except LAVORATO, C.J., who takes no part.